UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PABLO VARGAS MARCOS,<br><br>　　　　　　Plaintiff(s),<br><br>　　v.<br><br>ICE Field Office Director,<br><br>　　　　　　Defendant(s). | CASE NO. C26-1203-KKE<br><br>ORDER TRANSFERRING CASE |

Petitioner initiated this 28 U.S.C. § 2241 immigration habeas corpus petition to obtain release from immigration detention or a bond hearing. Dkt. No. 6. After Petitioner cured a deficiency, Petitioner's habeas petition was deemed filed on May 13, 2026, and a scheduling order was entered. *Id.*, Dkt. No. 7. The same day, the Government filed a Notice of Petitioner's Transfer of Custody, informing the Court that U.S. Immigration and Customs Enforcement ("ICE") had moved Petitioner from the Northwest ICE Processing Center ("NWIPC") to a detention center in Florence, Arizona on May 12, 2026. Dkt. No. 9 at 2. Accordingly, Petitioner was not detained in this District when his petition was filed.

The habeas statute permits the Court to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241. The Supreme Court has held that this language requires that, as a general rule, habeas "jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Because Petitioner had been transferred and was no longer

ORDER TRANSFERRING CASE - 1

confined in this District at the time his petition was filed, this Court lacks jurisdiction over his petition.  Petitioner is now confined in Florence, Arizona, which is located in the District of Arizona.  *See* 28 U.S.C. § 82 ("Arizona constitutes one judicial district.").

The Court finds that transfer, rather than dismissal, is the appropriate course of action in this case.  Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action" to a court "in which the action … could have been brought at the time it was filed[.]"  28 U.S.C. §1631.  The civil case will then "proceed as if it had been filed in … the court to which it is transferred[.]"  *Id.*  Transfer to the District of Arizona, rather than dismissal, is in the interests of justice because dismissal would result in unnecessary delay while Petitioner refiles his petition.

Accordingly, the Clerk is DIRECTED to transfer this case to the District of Arizona for all further proceedings.  The Clerk is further directed to close this case after transferring it.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 14th day of May, 2026.

Kymberly K. Evanson
United States District Judge

ORDER TRANSFERRING CASE - 2